### WALLING, Adm'r of the Wage and Hour Division, U. S. Dept. of Labor, v. WOLFF et al.

#### Civil Action No. 5631.

District Court, E. D. New York.

March 6, 1946.

Erich Cohn, of Forest Hills, for defendants-appellants (for the motion).

Irving Rozen, Regional Atty., U. S. Dept. of Labor, J. V. Altieri, Sr. Atty., and S. Gorin, Associate Atty., all of New York City, for plaintiff-respondent.

KENNEDY, District Judge.

On October 4, 1945, I granted a preliminary injunction restraining the defendants from employing homeworkers in violation of the terms and conditions of a wage order issued for the embroidery industry on September 20, 1943.

This is a motion addressed to the order already granted. The defendants say that regardless of the merits, the temporary injunction should be dissolved. They urge that homework was prohibited as one of the terms and conditions of a wage order issued under Section 8 of the Act, Fair Labor Standards Act, 29 U.S.C.A. § 208, which provides:

Section 8. "Wage orders * * *

"(e) No order issued under this section with respect to any industry prior to the expiration of seven years from the effective date of section 6 shall remain in effect after such expiration, and no order shall be issued under this section with respect to any industry on or after such expiration, unless the industry committee by a preponderance of the evidence before it recommends, and the Administrator by a preponderance of the evidence adduced at the hearing finds, that the continued effectiveness or the issuance of the order, as the case may be, is necessary in order to prevent substantial curtailment of employment in the industry."

Defendants say that the seven-year period now having expired the statutory basis for the order has now fallen, and the order must fall with it.

In Guiseppi v. Walling, 2 Cir., 1944, 144 F.2d 608, 155 A.L.R. 761, Judge Learned Hand speaks of "statutory" wages as contrasted with "committee" wages. The argument of the defendants is that homework

was prohibited in connection with the establishment of committee wages for the embroidery industry, and that even in a situation where the statutory and committee wages are now at the same rate, the mere expiration of time (seven years) has caused the committee wage order to expire, and with it the prohibition against homework, which the Administrator felt was necessary in order to make effective the fixation of wage rates for that industry.

There is no doubt at all that when the Administrator prohibited homework, he did so under the specific statutory authority of Section 8 of the Act. The inquiry, therefore, is whether, when Congress put a seven-year limitation upon the effectiveness of any "order" under that section, it was speaking only of a wage rate on the one hand, or on the other of all administrative regulations issued pursuant to that specific portion of the law. It is perfectly clear to me, that the purpose of the seven-year provision was to create a maximum period within which the 40 cents per hour minimum was to be reached. I cannot believe that the statute means, as the defendants suggest, that the seven-year limitation has for its object the destruction of all control over the embroidery industry once that period has expired. I believe that when it used the word "order", Congress was using it in its narrowest sense, as an equivalent of wage rate. If I am right in this, any order prohibiting homework survived the seven-year period.

But even if this is not so, and the word "order" in Section 8(e) is to be given broad significance, I believe that prohibition of homework, as such, is a valid regulation if the Administrator had implied power to issue it under the general terms of the Act. I have no doubt that he did have such implied power. The language of Judge Hand in Guiseppi v. Walling, supra, is certainly in accord with this position. When that case was before the Supreme Court, Gemsco, Inc., v. Walling, 1945, 324 U.S. 244, 65 S.Ct. 605, it was found unnecessary to deal with any question of implied power to prohibit homework, but nevertheless the reasoning of the Court in that case surely points to the existence of implied power in the Administrator. In a case involving precisely the same question that is dealt with here, Judge Knox (Walling v. Cimi Embroidery & Novelty Co., D. C.S.D.N.Y., 65 F.Supp. 389) said that it is of small consequence what interpretation is put upon Section 8 of the Act if the Administrator had power generally to continue useful regulations in force in order to discharge his duty, meaning, as I understand it, if such regulations rested upon the foundation of power implied from the general terms of the statute.

Under this view of the matter, the prohibition against homework was not nullified by the express terms of Section 8(e) of the Act. The Administrator had a right to leave it undisturbed, as he has done, if in his judgment this course was necessary and proper to effectuate the purposes of the statute.[1]

I know there are difficulties in reconciling my conclusion with the language of the statute. But to adopt defendants' argument would be to destroy utterly all of the controls which have been found satisfactory in practice. I cannot believe that Congress intended any such result. I cannot think that Congress believed that after the lapse of seven years all of the conditions which brought about the Fair Labor Standards Act would suddenly right themselves and administrative controls, such as prohibition of homework, would be no longer necessary. The Act was designed to remedy abuses of great antiquity. And I can find no validity at all in the suggestion that Congress thought they would be cured forever after seven years. Viewed in this light, the difficulties about the exact wording of the statute diminish in importance.

Motion to dissolve temporary injunction denied.

---

[1] In an informal statement made on October 22, 1945, the Administrator expressly stated that he felt the continuance of prohibition against homework was necessary.